WILLIAM A. PHILLIPS *et al.*, Petitioners, *In re* WILL OF
MARGARET McKENNA.

PROVIDENCE—JUNE 13, 1903.

PRESENT: Stiness, C. J., Douglas and Blodgett, JJ.

(1) *Wills. Residuary Clause. Survival.*

Testamentary provision as follows: "All the rest, and residue of my estate
I give, devise, and bequeath to my nieces A., B., and C., share and share
alike, to them and their heirs forever. It is my intention and meaning
in this instrument that I have named all my beneficiaries, and in case
any whom I have heretofore named in this instrument shall die before
me, then the bequest to said beneficiary shall determine:"—

*Held*, that the provision applied to the persons named as residuary lega-
tees, but did not operate to create intestacy with respect to the share of
such legatee; but had the effect of eliminating from the residuary clause
the name of any beneficiary who should not survive the testatrix, and
therefore the residuary estate passed to A. and B., who survived.

*Held*, further, that the word "heirs" was used merely as a word of limi-
tation.

CASE stated for an opinion.

(1) DOUGLAS, J. The court is of the opinion that the provision
of clause fifteen—"in case any whom I have heretofore
named in this instrument shall die before myself then the be-
quest to said beneficiary shall determine"—applies to the
persons named as residuary legatees in clause fourteen, but
does not operate to create intestacy with respect to the share
of such legatee. It is not to be presumed that the testatrix
intended a lapse of such share and the intention is also em-
phasized by repetition that if the persons named in the will
do not survive the testatrix, and cannot take in person, their
heirs shall not take by substitution. The effect, then, of the
fourteenth and fifteenth clauses taken together is to eliminate
from the residuary clause the name of any beneficiary who
should not survive the testatrix, as if the gift of the residuum
had been to the three persons named or such of them as should
survive the testatrix. We are of the opinion, therefore, that
the residuary estate passed to Mary Grinnell and Annie
Mooney.

The word "heirs" in the residuary clause seems to have been used as a word of limitation suggested perhaps by the ordinary practice when real estate as well as personal property is included in a devise.

*Joseph Osfield, Jr., and James M. Gilrain* for parties.